ENNIS v. FEDERAL BREWING CO.

RENDICH v. SAME.

(Supreme Court, Appellate Division, Second Department.   January 10, 1908.)

CORPORATIONS—CONVEYANCES—RIGHTS OF STOCKHOLDERS.

> Stock Corporation Law, Laws 1893, p. 1436, c. 638, § 33, provides that, when a corporation sells its property and franchises to another, any objecting stockholder may, within 60 days after the stockholders' meeting at which the conveyance is authorized, apply to the Supreme Court for the appointment of persons to appraise the value of his stock, etc. *Held* that, where an application for an appraisal was served within 60 days, it was within time, though the hearing day named was 62 days after the meeting.

Appeal from Special Term, Kings County.

Applications of James J. Ennis and of Richard A. Rendich for the appointment of appraisers of the value of applicants' stock in the Federal Brewing Company under Stock Corporation Law, Laws 1893, p. 1436, c. 638, § 33.   The corporation appeals from an order appointing receivers.   Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Thaddeus D. Kenneson, for appellant.

Francis A. McCloskey, for respondent.

GAYNOR, J.   When a stock corporation sells and conveys its property and franchises to another corporation, which may be done on consent of two-thirds of its stockholders in meeting assembled, any objecting stockholder may "within 60 days after such meeting apply to the Supreme Court at any Special Term thereof held in the district in which the principal place of business of such corporation is situated, upon eight days notice to the corporation, for the appointment of three persons to appraise the value of such stock," i. e., of his stock.   Stock Corp. Law, Laws 1893, p. 1436, c. 638, § 33. In this case the stockholders' meeting was held on April 27, 1907. On June 20th following the respondent served on the appellant an eight days notice of such application.   This notice named for the return or hearing day June 28th.   The application was heard and granted on that day against the objection of the appellant that the respondent had not applied to the court within 60 days from the said stockholders' meeting.

The notice of application was served within the said 60 days, but the hearing day named therein was 62 days after such meeting.   Did the respondent "apply" to the court within the 60 days in the meaning of the statute?   To answer in the negative would be to give a strict meaning to the statute which the draughtsman did not think of.   He did not have in mind that the actual hearing in court should be had within the 60 days, but only to limit the time of the stockholder's right to ask for an appraisement to that time.   And the statute will easily bear this interpretation, viz., the meaning of the draughtsman.   The proceeding for an appraisement is a special proceeding (Code Civ. Proc. § 3434), and the making of the application may

be said to be begun when the proceeding is begun. In legal sense it is begun then and ends at the hearing in court.

The cases cited in respect of the interpretation of section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580) are not binding on us, nor do they apply. The provision there may require a different construction to the provision before us, but that it does we do not decide.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except HIRSCHBERG, P. J., not voting.