**1144**

**109 NEW YORK SUPPLEMENT**
**and 143 New York State Reporter**

judicial departments of the respective state governments without an amendment to the federal Constitution, which is the only complete remedy for this crying evil, and without abandoning their respective public policies, to which they apparently jealously adhere. It is high time that a movement was initiated in the Legislatures or by the trial courts by which divorces shall not be granted, excepting in those cases where the court can obtain such jurisdiction over the defendant that it must be recognized by every other state and territory in the land. It may be competent for the courts to refuse to grant divorces against nonresidents where the matrimonial domicile was not in our state, on substituted service, which, if granted, would be valid and binding in this state, owing to the existing legislative authority, even though it would not be recognized by the courts of other states and territories; but, since the authority or propriety of the courts refusing to thus exercise its jurisdiction may be doubted, it would seem that the Legislature of our own state, at least, should revise the laws with respect to granting divorces and confine the authority of the courts to cases where jurisdiction can be obtained which will insure the validity of the divorce, not only in the state where granted, but in every other state and territory. This could be done by providing that a divorce against a nonresident of the state shall not be granted on substituted service, excepting where it is shown that the matrimonial domicile of the parties was within the state. The practice now prevailing, and authorized by statute, of granting divorces against nonresidents on substituted service, where the matrimonial domicile was not within the state, and of our courts refusing to recognize, as in the case at bar, similar divorces granted upon the same ground upon which a divorce may be obtained here, cannot be defended and should be discontinued. It seems to me too clear for argument that we should not grant a divorce where, on like facts with respect to residence, misconduct, and service, we would refuse to recognize a decree of a court of a sister state or of one of the territories.

HOUGHTON, J., dissents.

---

REGNIER, Respondent, v. COMPAGNIE GENERALE TRANSATLANTIQUE, Appellant. (Supreme Court, Appellate Division, Second Department. March 6, 1908.) Action by Alexander Regnier against the Compagnie Generale Transatlantique. No opinion. Judgment and order unanimously affirmed, with costs.

---

REISLER v. SPRINGER. (Supreme Court, Appellate Division, First Department. March 13, 1908.) Action by Morris Reisler against John H. Springer. No opinion. Motion granted, with $10 costs. Order filed.

---

REISLER, Respondent, v. SPRINGER, Appellant. (Supreme Court, Appellate Division, First Department. March 27, 1908.) Action by Morris Reisler, an infant, etc., against John H. Springer. No opinion. Motion granted, on terms stated in order. Order filed.

---

RENDICH v. FEDERAL BREWING CO. (Supreme Court, Appellate Division, Second De-

partment. February 28, 1908.) In the matter of the application of Richard A. Rendich for the appointment of appraisers, etc.; against the Federal Brewing Company. No opinion. Motion for leave to appeal to the Court of Appeals granted. See 108 N. Y. Supp. 230.

---

RHEIMS WINE & VINEYARD CO., Appellant, v. LAKE KEUKA VINTAGE CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 25, 1908.) Action by the Rheims Wine & Vineyard Company against the Lake Keuka Vintage Company. No opinion. Order affirmed, with $10 costs and disbursements.

---

RICH, Appellant, v. BROOKLYN, Q. C. & S. R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. February 28, 1908.) Action by David Rich against the Brooklyn, Queens County & Suburban Railroad Company. No opinion. Motion granted, and case set down for Friday, March 6, 1908.

---

RICKERSON, Appellant, v. LEACH, Respondent. (Supreme Court, Appellate Division, Third Department. March 11, 1908.) Action by Anna E. Rickerson, individually and as executrix, etc., of Charles L. Rickerson, deceased, against Nellie P. Leach. No opinion. Interlocutory judgment affirmed, with costs, on the ground that there is a misjoinder of parties plaintiff.

---

RISING, Appellant, v. SEBRING et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. March 25, 1908.) Action by Mary D. Rising against James O. Sebring and others. No opinion. The case having been twice passed, the said appeal was in each case dismissed, under rule 39 of the general rules of practice. See 104 N. Y. Supp. 486.

---

In re RIVERSIDE DRIVE. (Supreme Court, Appellate Division, First Department. March 13, 1908.) In the matter of the Riverside Drive. No opinion. Motion granted. Order filed.

---

ROBINSON v. CONSOLIDATED GAS CO. OF NEW YORK. (Supreme Court, Appellate Division, First Department. April 10, 1908.) Action by Anne Robinson, administratrix, against the Consolidated Gas Company of New York. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed. See 106 N. Y. Supp. 1088. Theron G. Strong, for appellant. Edward F. Brown, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

INGRAHAM, J. I dissent from the affirmance of this judgment. The court in its charge instructed the jury that if Corcoran, the defendant's superintendent, knew or had reason to know that the scaffold was defective and dangerous, and the risk was not obvious to Robinson (plaintiff's intestate), then the defendant would be liable; and this instruction was ex-